UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **I.T. PRODUCTIONS, LLC**,<br>  *Plaintiff*;<br>*vs.*<br>**DOES 1–10**,<br>  *Defendants.* | 3:16-CV-03073-JZ<br><br>The Honorable Jack Zouhary<br><br>**ANSWER, COUNTERCLAIM &**<br>**THIRD-PARTY COMPLAINT**<br>(Demand for Jury Trial) |
| **SID FIELDS**,<br>  *Counterclaimant / Third-Party Plaintiff*;<br>*vs.*<br>**I.T. PRODUCTIONS, LLC**,<br>  *Counter-Defendant*,<br>and<br>**VOLTAGE PICTURES, LLC**,<br>  *Third-Party Defendant.* | |



For his answer to the second amended complaint (ECF No. 31) filed by the plaintiff copyright troll I.T. Productions, LLC, defendant Sid Fields says:

1. Defendant admits that Paragraph 1 purports to set forth an action for copyright infringement under the United States Copyright Act and seeks related relief, but defendant specifically denies that plaintiff is entitled to such relief.

2. For his answer to Paragraph 2, defendant admits this Court has jurisdiction over the subject matter of copyright infringement actions.

3. Defendant lacks sufficient information as to whether venue is proper in this judicial district, and therefore denies the same, and leaves plaintiff to its proofs.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies those allegations.

5. For his answer to the allegations in Paragraph 5, defendant states upon information and belief that Voltage Pictures is a known, prolific "copyright troll,"[1] having outmaneuvered the legal system after discovering the nexus of antiquated copyright laws, paralyzing social stigma, and unaffordable costs of legal defense, their business model is built upon exploiting that anomaly by accusing individuals of illegally downloading low-budget, low-quality motion picture titles that could not perform at the box office, or never even made it to the box office because



---

[1] See, e.g., Ingenuity 13 LLC v. John Doe, No. 2:12–cv–8333–ODW-JCX, 2013 WL 1898633, at 1 (C.D.Cal. May 6, 2013); cf. Richard Posner, Patent Trolls, Becker–Posner Blog ( Jul. 21, 2013 5:12 PM), http://www.becker-posner-blog.com/2013/07/patent-trollsposner.html.

_____
ANSWER TO COMPLAINT + COUNTERCLAIM / THIRD-PARTY COMPLAINT

of their lack of compelling content. Defendant denies the remaining allegations in Paragraph 5, and leaves plaintiff to its proofs.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies those allegations.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies those allegations.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies those allegations.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies those allegations.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies those allegations.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies those allegations.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies those allegations.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies those allegations.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.



18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant cannot understand whether an allegation of fact is contained in Paragraph 20, and therefore denies the same.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies those allegations.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies those allegations.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies those allegations.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies those allegations.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies those allegations.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies those allegations.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies those allegations.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies those allegations.

29. Defendant denies the allegations in Paragraph 29.



30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies those allegations.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies those allegations.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies those allegations.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies those allegations.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies those allegations.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore denies those allegations.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies those allegations.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore denies those allegations.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies those allegations.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.



_____
ANSWER TO COMPLAINT + COUNTERCLAIM / THIRD-PARTY COMPLAINT

43. Defendant denies the allegations in Paragraph 43.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and therefore denies those allegations.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and therefore denies those allegations.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore denies those allegations.

47. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and therefore denies those allegations.

48. For his answer to the allegation(s) in Paragraph 48 of the copyright troll's complaint, defendant incorporates the above responses as if fully re-written herein.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52, and leaves the plaintiff copyright troll to its proofs.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54, repeats his response to Paragraph 5, *supra*, and leaves the plaintiff copyright troll to its proofs.

55. Defendant denies the allegations in Paragraph 55, repeats his response to Paragraph 5, *supra*, and leaves the plaintiff copyright troll to its proofs.



56. Defendant denies that the copyright troll plaintiff is entitled to any relief whatsoever, and requests a jury trial on all issues.

57. Any allegation not expressly admitted above is specifically denied, and defendant leaves the copyright troll plaintiff to its proofs.

### AFFIRMATIVE DEFENSES

Without undertaking or otherwise shifting any applicable burden of proof, defendant asserts the below defenses. Defendant reserves the right to supplement or amend this answer, including by asserting additional defenses, as warranted by facts revealed through investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM

The complaint fails to state a claim upon which relief can be granted. Plaintiff cannot demonstrate this defendant committed a volitional act of infringement, and is wrongfully suing this defendant.

### SECOND AFFIRMATIVE DEFENSE: NO INFRINGEMENT



Defendant has not engaged in or contributed to any infringement of the copyrights alleged; furthermore, plaintiff cannot prove that defendant's alleged activities even constituted an act of infringement because it cannot be demonstrated based on the evidence provided that he made a complete copy of the work alleged by plaintiff.

### THIRD AFFIRMATIVE DEFENSE: MISUSE OF COPYRIGHT

Any entitlement to relief is barred by the doctrine of misuse of copyright.

FOURTH AFFIRMATIVE DEFENSE:
FAILURE TO JOIN INDISPENSABLE PARTIES

Defendant asserts the affirmative defense of failure to join an indispensable party, insofar as plaintiff conducted no significant investigation to truly identify the individual(s) who allegedly engaged in the downloading/sharing in question and who is/are indispensable parties under Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure. Plaintiff has simply collected public Internet Protocol (IP) addresses, identified who paid for the Internet service, and then sued them in an effort to obtain settlements for thousands of dollars. For failing to join the indispensable party(ies), the complaint should be dismissed with prejudice as to this defendant.

FIFTH AFFIRMATIVE DEFENSE:
FAILURE TO MITIGATE DAMAGES

Plaintiff has made no attempt to mitigate any actual or perceived damages, which defendant expressly denies; therefore, defendant requests dismissal of the complaint based on plaintiff's failure to mitigate.

SIXTH AFFIRMATIVE DEFENSE:
BARRING STATUTORY DAMAGES & ATTORNEY'S FEES

Plaintiff's claim for statutory damages is barred by the U.S. Constitution and the one-satisfaction rule. Among other rights, the Fifth Amendment right to due process bars plaintiff's claim. As the Supreme Court has held, due process will prohibit an award of statutory damages meeting or exceeding a proportion of ten times or more actual damages.[2] In fact, an award of statutory damages at four times actual



---

[2]  *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Campbell*, 528 U.S. 408, 123 S.Ct. 1513, 1524 (2003); *see also Parker v. Time Warner Entertainment Co.*, 331 F.3d 13, 22 (2nd Cir.2003); *In Re Napster, Inc.*, 377 F.Supp.2d 796 (N.D.Cal.2005).

_____

ANSWER TO COMPLAINT + COUNTERCLAIM / THIRD-PARTY COMPLAINT

damages "might be close to the line of constitutional impropriety."³ If all of plaintiff's settlements for infringement of the works in question are added together, the damages are likely to exceed the statutory maximum allowed by the copyright statute. Further, the one-satisfaction rule prevents double recovery, or the overcompensation of a plaintiff for a single injury. Plaintiff is barred from seeking statutory damages, costs and/or attorneys' fees under 17 U.S.C. § 504 to the extent that plaintiff has already recovered for alleged infringements of this work in prior actions.

### SEVENTH AFFIRMATIVE DEFENSE: LICENSE, CONSENT & ACQUIESCENCE

Plaintiff's claims are barred by plaintiff's implied license, consent, and acquiescence to defendant because plaintiff authorized use via BitTorrent.

### EIGHTH AFFIRMATIVE DEFENSE: UNCLEAN HANDS

Plaintiff's claims for equitable relief are barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE: LACK OF VOLITIONAL ACT

Plaintiff 's claims are barred because the alleged infringement was not caused by a volitional act attributable to this defendant.

### TENTH AFFIRMATIVE DEFENSE: ESTOPPEL

Plaintiff 's claims are barred by the doctrine of estoppel. Without admitting



---

³ *See ibid.*

any infringement, defendant alleges that although plaintiff knew the facts of any alleged file-sharing by defendant and/or others within proximity connection, plaintiff acted in such manner that defendant and/or third parties were entitled to, and did, believe that the continued availability of the copyrighted work on BitTorrent was intended by plaintiff, and any actions to download were induced by, and done in reliance on, plaintiff's conduct.

## ELEVENTH AFFIRMATIVE DEFENSE:
## INJUNCTIVE RELIEF NOT WARRANTED

Plaintiff is not entitled to injunctive relief because any alleged injury is neither immediate nor irreparable, and plaintiff has an adequate remedy at law.

## TWELFTH AFFIRMATIVE DEFENSE:
## INTERVENING CAUSES

Without admitting that plaintiff has sustained any injury or damages, and without admitting any liability whatsoever, defendant alleges that the injuries complained of and the damages sought by plaintiff was the direct and proximate result of certain independent actions of third parties over whom this defendant has no control. This defendant, therefore, is not liable for any damage that may have resulted therefrom.

### COUNTERCLAIMS AGAINST I.T. PRODUCTIONS, LLC AND THIRD-PARTY COMPLAINT AGAINST VOLTAGE PICTURES



By way of counterclaim against I.T. Productions, LLC, and third-party complaint against Voltage Pictures, LLC, defendant/counterclaimant/third-party plaintiff Sid Fields says:

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the counterclaims and third-party complaint under 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202. The counterclaims and third-party complaint are so related to the claims asserted by plaintiff that they form part of the same case or controversy under Article III of the U.S. Constitution, and arise out of common facts, transactions, or occurrences under Rules 13 and 20 of the Federal Rules of Civil Procedure.

2. This Court has personal jurisdiction over I.T. Productions because it availed itself of this Court's jurisdiction by bringing this action against defendants Does 1–10.

3. This Court has personal jurisdiction over Voltage Productions because it regularly distributes movies in Ohio, and has caused tortious injury in Ohio, which is the subject of this third-party complaint.

4. Venue is proper in this judicial district over the counterclaims under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND RELEVANT TO ALL CLAIMS



5. Although Voltage Pictures was first known for producing some quality films, such as *The Hurt Locker*,[4] its Academy-award-winning CEO/founder

---

[4] The Hurt Locker (Voltage Pictures 2008).

Nicolas Chartier has taken the company in a different direction in more recent years, when Voltage shifted its focus from quality films to the business of copyright infringement. In fact, Voltage is now distinguished alongside the likes of Malibu Media, as being one of the preeminent copyright trolls in the film business.[5]

6. Voltage, and its subsidiaries, have filed lawsuits just like this one in district courts all over the United States, against thousands of defendants, all of which allege the infringement of various, usually unremarkable, or underperforming films via BitTorrent.

7. The suits are filed by local counsel, who use the same pleading template, which was mostly likely provided by Oregon attorney Carl Crowell, who allegedly coordinates the "Copyright Litigation Campaign" nationwide.[6]



---

[5] *See, e.g.*, *Godzilla Sues The Godzilla Of Copyright Trolls, Voltage Pictures, For Copyright Infringement*, Above the Law: Techdirt (May 22, 2015, 9:04 AM), http://abovethelaw.com/2015/05/godzilla-sues-the-godzilla-of-copyright-trolls-voltage-pictures-for-copyright-infringement/?rf=1.

[6] Voltage's scheme is detailed by one of its former local counsel, who, filed suit for, *inter alia* fraudulent inducement against Crowell, Voltage, and other co-conspirators who made material misrepresentations about the evidence and "the true nature of the Copyright Litigation Campaign, including the ownership of the works at issue and the role of the various third-parties involved in the litigation." *James Davis v. Carl Crowell, et al.*, No. 37-2017-00034909-CU-BT-CTL (Cal.Super.San Diego Cty. filed Jul. 3, 2017); *see* Tim Cushing, *Voltage Picture's Lawyer Sues Copyright Trolling Participants, Calls Lawsuits Unethical*, Techdirt: Copyright (Aug. 7, 2017 12:04 PM), https://www.techdirt.com/articles/20170805/08540837931/voltage-pictures-lawyer-sues-copyright-trolling-participants-calls-lawsuits-unethical.shtml.

8. Voltage has previously acknowledged that an IP address alone is insufficient to identify an infringer, and other courts have ruled an IP address alone is insufficient to bring a claim for infringement.

9. The film/copyright at issue in the present litigation has been the subject of litigation in other actions brought by Voltage and/or I.T. Productions.

10. Plaintiff's technical expert is Guardaley, LLC, a German company that also uses several aliases, including IPP Limited, and Anti-Piracy Management Company.

11. Guardaley is responsible for and collecting the computer forensic evidence that serves as the basis for each copyright infringement suit.

12. A court in Germany previously found that Guardaley, was "seeding" its clients' content onto BitTorrent. If true here as well, and assuming defendant did download (which he did not) this would constitute an implied license.

13. Guardaley, operating as Anti-Piracy Management Company, is currently under scrutiny in another matter because it has been unwilling or unable to produce the forensic evidence that forms the basis for every single copyright infringement case filed.

14. If Guardaley is responsible for initially seeding plaintiff's movie to BitTorrent (which is probably true) then the purported evidence that serves as the basis for this lawsuit does not even exist.



_____

ANSWER TO COMPLAINT + COUNTERCLAIM / THIRD-PARTY COMPLAINT

## COUNTERCLAIM FOR DECLARTORY JUDGMENT

15. Defendant incorporates by reference all foregoing allegations made in his affirmative defenses and counterclaims as if fully set forth herein.

16. There is an actual and justiciable controversy between the parties regarding alleged direct copyright infringements.

17. Internet service providers assign numerical IP addresses to, among other things, the routers used by Internet subscribers to access the network.

18. An IP address does not identify the computer connecting to the router assigned that IP address. Nor does it identify the person using that computer, router, or internet connection.

19. Plaintiff's allegation that a given IP address was used for infringing acts is not sufficient to support claims of infringement against the defendant.

20. Plaintiff has previously acknowledged that an IP address alone is insufficient to identify an infringer.

21. Defendant has not infringed plaintiff's alleged copyright(s). Plaintiff cannot knowingly claim otherwise.

22. Defendant is entitled to a declaratory judgment under 28 U.S.C. § 2201 that he has not infringed the copyrighted work as alleged in the second amended complaint.



## COUNTERCLAIM & THIRD-PARTY CLAIM
## AGAINST VOLTAGE PICTURES FOR ABUSE OF PROCESS

23. Defendant incorporates by reference all foregoing allegations made in his affirmative defenses and counterclaims as if fully set forth herein.

24. Plaintiff made knowing misrepresentations in its pleadings filed against defendant.

25. Plaintiff pleaded claims for copyright infringement despite knowing that an IP address alone is insufficient to identify an infringer.

26. Plaintiff pleaded claims for statutory remedies despite knowing those claims were likely unavailable.

27. In filing its complaint, plaintiff sought to use, and did use lawfully issue process for an ulterior or illegitimate purpose, attempting to obtain a result not intended by law, to wit: 1) to extract money from this defendant by leveraging the lawsuit as a form of public disparagement and humiliation; and 2) monetary damage relative to the expense of defending this frivolous action.

28. Plaintiff completed service on this defendant on Jun. 28, 2017. (See ECF 37.)

29. Plaintiff willfully abused, misused, and/or misapplied the process for an end other than that which it was designed to accomplish.

30. Plaintiff intentionally failed to disclose and concealed pertinent and material information regarding plaintiff's knowledge of the falsity of certain claims



and the ulterior or illegitimate purpose for which the complaints and summons were employed.

    31.    Specifically, plaintiff failed to disclose and concealed pertinent and material information that includes but is not limited to :

    a.    Plaintiff was not a party to the assignment, and had no standing to bring any claims;

    b.    Plaintiff instituted the original action without any genuine intent to proceed against the defendant herein, but rather as a vehicle to obtain discovery of the identity and contact information of defendant and others;

    c.    Plaintiff knows it has no basis for naming the defendant as the infringer, yet continues to assert the claims against him;

    d.    Plaintiff assert its claims in order to influence the conduct of the defendant in ways not related to the merits of its claims;

    e.    Plaintiff used the completed service to publicly shame the defendant;

    f.    Plaintiff intends the current action to hang as a sword over defendant's head, to extort unwarranted payments to settle claims not supportable as a matter of law;

    g.    Plaintiff's counsel purportedly represents other copyright holders who are not parties to this action;



  h. Plaintiff's counsel is impermissibly and unlawfully using information obtained through early discovery in this case to gain an advantage in other matters unrelated to this one, and has demanded an exceedingly high settlement amount from this defendant, which is purportedly based on alleged infringement of copyrighted works not owned by the plaintiff in this suit.

32. Plaintiff's service of process facilitated these ulterior purposes.

33. As a direct and proximate result of plaintiffs' conduct, defendant has been forced to expend significant time and money in defending against these frivolous claims, and thereby suffered injuries, damages, or losses in an amount to be determined by a jury.

34. Plaintiff's actions were performed knowingly, intentionally, and maliciously, which entitles defendant to an award of compensatory and punitive damages in amounts not presently known, but to be proven at trial.

### COUNTERCLAIM AND THIRD-PARTY COMPLAINT AGAINST VOLTAGE PICTURES FOR CIVIL CONSPIRACY

35. Defendant incorporates by reference all foregoing allegations made in his affirmative defenses and counterclaims as if fully set forth herein.



36. Voltage Pictures maliciously combined with I.T. Productions and their counsel to file this action, and with it, a motion for early discovery (ECF 8). The court's order permitting early discovery was very specific in limiting the use of any discovery obtained "solely for the purpose of protecting Plaintiff's rights under the Copyright Act." (ECF 10.)

---

ANSWER TO COMPLAINT + COUNTERCLAIM / THIRD-PARTY COMPLAINT

37. Even though the order specifically prohibits the use of discovery for any benefit other than to I.T. Productions, plaintiff's counsel used the information he received from the Doe Defendants' Internet Service Providers (ISPs) to extort settlements from defendant for other alleged infringements, which are not mentioned in plaintiff's complaint, and any copyright interests in those other films are not held by I.T. Productions.

38. By purposely violating an order of a United States District Judge for their own pecuniary gain, Voltage Pictures, I.T. Productions, and their counsel committed a fraud upon this court, which is an unlawful act, independent from the parties' conspiracy.

39. As a direct and proximate result of these parties' malicious collusion and fraudulent conduct, defendant has been damaged in an amount to be determined by a jury.

40. The actions of Voltage Pictures, I.T. Productions, and their counsel were premeditated and egregious, warranting an award of punitive damages in an amount sufficient to punish the actors for their wrongful conduct, and to deter similar unlawful conduct in the future.



## PRAYER FOR RELIEF

**WHEREFORE** defendant Sid Fields respectfully demands judgment in his favor, and against the copyright trolls Voltage Pictures, LLC, and I.T. Productions, LLC:

   A. That plaintiff take nothing by the complaint, and that the same be dismissed with prejudice;

B. Declaring that defendant / counterclaimant / third-party plaintiff is not liable for infringement of plaintiff's copyright;

C. Declaring plaintiff's copyright(s) invalid because of misuse;

D. Awarding defendant his costs and reasonable attorneys' fees incurred this action;

E. Awarding defendant all damages sustained as a consequence of plaintiff's abusive and unlawful acts complained of; and

F. Granting such other and further relief as the Court deems just and/or appropriate.

Respectfully submitted,

THE PRIVACY FIRM PC

*Counsel for Defendant Sid Fields*

By: _____

Joseph A. Bahgat (Ohio Bar No. 0082116)
1701 Market St. Fl. 7 Ste. 321
Philadelphia PA 19103
+1 877-721-9027
joe@privacyfirm.law

Dated: 13-Aug-17

### DEMAND FOR JURY TRIAL

Under Fed. R. Civ. P. 38(b) defendant/counterclaimant/third-party plaintiff demands a trial by jury as to all issues so triable.

By: _____
Joseph A. Bahgat

## CERTIFICATE OF SERVICE

 I certify under Fed. R. Civ. P. 5(b)(2)(E) that on the date stamped above, a true and correct copy of the foregoing document was filed electronically, and all counsel appearing have been or will be served with notice of this filing at the email address they have registered with the court's CM/ECF system.

_____
JOSEPH A. BAHGAT

