UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

**I.T. PRODUCTIONS, LLC**,

*Plaintiff*;

*vs.*

**DOES 1–10**,

*Defendants.*

3:16-CV-03073-JZ

THE HONORABLE JACK ZOUHARY

### Motion and Memorandum in Support for Protective Order
### Prohibiting the Deposition of Defendant Sid Fields

Counsel for defendant Sid Fields respectfully moves this Honorable Court for an order under Fed. R. Civ. P. 26(c)(1)(B), prohibiting plaintiff from taking his deposition on Sunday, Jan. 7, 2018. This motion is supported by the following factual grounds, as provided in the accompanying declaration of counsel:

1.    On Dec. 25, 2017, plaintiff noticed Mr. Fields's deposition for Sunday, Jan. 7, 2018, at 10:00 a.m. (see ECF 76).[1]

2.    This notice was issued pursuant to an unnoticed/surprise telephone conference on Dec. 21, 2017, which plaintiff's counsel initiated by falsely alleging that defendant

---

[1]    It is unknown why the notice of deposition (which is considered a discovery document) was filed via ECF, as the clerk typically discourages, or even prohibits the filing of discovery documents unless they are relevant to a motion, or other application needing disposition.



failed to appear for deposition on Dec. 19, 2017. Plaintiff unilaterally noticed that deposition on Nov. 20, 2017 (ECF 74) contrary to ongoing discussions by both counsel, including discussions that took place during and after the Fed. R. Civ. P. 16 scheduling conference at the courthouse on Oct. 30, 2017. In those discussions, defendant agreed to provide the address of the person(s) believed to have been the actual infringer.

3.      Following those discussions on Oct. 30, 2017, it was defense counsel's understanding that the claims against Mr. Fields would be dismissed once the information was provided in written discovery, and that Mr. Fields's deposition would be unnecessary/moot.

4.      Defendant provided timely written discovery responses to plaintiff's counsel on Dec. 4, 2017, and waited to hear back regarding dismissal. The following day, however, plaintiff's counsel sent this email:

> Thank you for your client's responses to Plaintiff's discovery. You have yet to confirm that Mr. Fields will be at his deposition on December 19th. As it makes absolutely no difference to me as to whether I drive to Toledo or to Columbus, I am still willing to move the deposition to Columbus for your convenience. However, unless I hear from you, I will leave it where it is.

5.      On Dec. 8, 2017, defense counsel told plaintiff's counsel that he was unavailable for the deposition as noticed.

6.      On the morning of Dec. 18, 2017, plaintiff's counsel called the office of defense counsel, inquiring about whether the deposition was proceeding the following day. The receptionist told plaintiff's counsel that there was no deposition on the calendar, and that she would have defense counsel confirm after returning from court. At 6:20 ET on Tuesday, Dec. 19, 2017, defense counsel sent the following email to plaintiff's counsel:

> Tim, I received your message yesterday; I'm in New Jersey for the rest of this week, and then I'm leaving for vacation in Montana for two weeks. We agreed that the deposition will take place in Columbus, not Toledo, but we



PRIVACY FIRM

didn't set a date. The last time we discussed it, I told you hadn't been able to confirm Mr. Fields's and my own schedules. It is difficult now because of the holidays.

I propose that we aim to set this up for the middle of January, after everybody's schedules calm down. Can we agree on that?

7. Plaintiff's counsel received this email, which is confirmed because he sent a reply email, at 8:46 ET.

8. Despite plaintiff's counsel knowing that Mr. Fields's deposition was not confirmed, he claims to have traveled to Toledo later that morning, and then he called Judge Zouhary's chambers two days later, falsely accusing defendant of not showing up for the deposition that plaintiff's counsel knew was unconfirmed.

9. Defense counsel was surprised by the call from the court on Dec. 21, 2017, and was unprepared (didn't have access to relevant documents and communications) for a sua sponte discovery hearing, during which Judge Zouhary indicated that because plaintiff had filed the deposition notice with the court, and defense counsel didn't file anything in response, the deposition notice was presumptively valid and in effect.[2]

10. After the surprise discovery conference/hearing, the court ordered that Mr. Fields's deposition take place before Jan. 8, 2018 (ECF 75).

11. As both the court and plaintiff's counsel are aware, defense counsel had a planned vacation to Montana scheduled from Dec. 25, 2017 through Jan. 4, 2018, and plaintiff's counsel said he was available to take the deposition on Jan. 5, 6, or 7. The parties therefore agreed to have the deposition taken on Sunday, Jan. 7, 2018, which would give defense counsel 48 hours to prepare his client to be deposed.

---

[2] Defendant did not file anything in response to the notice of deposition because counsel believed the filing of the notice of deposition was inappropriate, and should have been stricken by the clerk. In other cases in which a party has filed such discovery documents via ECF, they were sua sponte stricken by the clerk, or by the magistrate judge assigned to the case.



12.    On Jan. 3, 2018, defense counsel learned that a serious winter storm was about to hit the east coast, and that his flight from Montana was canceled. Because of the severity of the storm, and areas it was affecting, it was impossible to get another flight home until Sunday, Jan. 7, 2018, the same day as the scheduled deposition.

13.    Defense counsel immediately notified plaintiff's counsel of this problem, in an email the evening of Jan. 3, 2018. Plaintiff's counsel responded, saying he would not change the deposition, and suggested that defendant move for a protective order.

Respectfully submitted,

THE PRIVACY FIRM PC
*Counsel for Defendant Sid Fields*

By:  /s/ Joseph A. Bahgat
Joseph A. Bahgat (Ohio Bar No. 0082116)
1701 Walnut Street, 7th Floor
Philadelphia, PA 19103-5220
+1 877-721-9027
joe@privacyfirm.law

Dated: 5-Jan-18

## GOOD FAITH CERTIFICATION

I certify that prior to filing this motion I attempted to resolve the issues raised herein by contacting plaintiff's counsel, Timothy A. Shimko, by email on Jan. 3, 2017. In his response, Mr. Shimko stated that he would not reschedule the deposition unless I file this motion. This constitutes a good faith attempt under Fed.R.Civ.P. 26(c)(1) to resolve the within dispute without court action.

/s/ Joseph A. Bahgat
Joseph A. Bahgat



## CERTIFICATE OF SERVICE

I certify under Fed. R. Civ. P. 5(b)(2)(E) that on the date stamped above, a true and correct copy of the foregoing motion and memorandum was filed electronically, and all counsel appearing have been or will be served with notice of this filing at the email address they have registered with the court's CM/ECF system.

/s/ Joseph A. Bahgat
Joseph A. Bahgat